BENNIE LEE CABLE, Petitioner, v. LAKE F. RUSSELL, Warden, et al., Respondent.

454 S.W.2d 163.

Court of Criminal Appeals of Tennessee. Dec. 16, 1969.

Certiorari Denied by Supreme Court April 20, 1970.

364

Joe B. Jones, Memphis, for petitioner.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig and John W. Pierotti, Asst. Dist. Attys. Gen., Memphis, for respondent.

## OPINION

HYDER, Judge.

Petitioner, Bennie Lee Cable, appeals the dismissal of his petition for a writ of habeas corpus after an evidentiary hearing.

The petition filed in this case by the petitioner was pursuant to the provisions of the Post-Conviction Procedure Act, and the trial court considered it under those provisions. On the request of the petitioner and his affidavit of indigency, an attorney was appointed to represent him, and an amended petition was filed.

The District Attorney General moved to strike the petition, and the court overruled that motion and ordered petitioners to be returned from the penitentiary for an evidentiary hearing. At the hearing the respondent contended that certain allegations in the amended petition were insufficient for granting relief as a matter of law, and an oral motion was made that these be stricken. The first assignment of error complains that the trial court erred in striking as a matter of law paragraph IV of the amended petition, which averred that at the trial of this case the trial judge erred in that he did not charge the jury as he was required to do by Section 40-2516 of the Tennessee Code Annotated.

The section of the Code referred to is the requirement that on the trial of all felonies, every word of the judge's charge shall be reduced to writing before given to the

jury, and the charge must be given by reading the written charge rather than orally. It further provides that the jury shall take the written charge with them when they deliberate. Our Supreme Court has held that this statute is valid and imperative and that failure to observe it constitutes reversible error. Humphreys v. State, 166 Tenn. 523, 64 S.W.2d 5.

A writ of habeas corpus is to correct the denial of fundamental constitutional rights. It is not to correct mere irregularities of law, and it is not a substitute for a writ of error. State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186. Relief under the Post-Conviction Procedure Act is granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of Tennessee, or the Constitution of the United States. T.C.A. § 40-3805.

The requirement that a trial judge write out and read to the jury his charge in all felony cases is not a constitutional provision. The alleged non-compliance with this statutory requirement did not violate the petitioner's constitutional right to due process.

Petitioner entered a guilty plea to the offense of robbery by the use of a deadly weapon. Under the provisions of our law a jury was impaneled and did fix his punishment. T.C.A. § 40-2310. Our Supreme Court has held that the right to have a jury impaneled and hear the evidence and fix the punishment on a plea of guilty is not a constitutionally afforded right, but is simply a statutory right and may be waived. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635.

We are of the opinion that the requirement that the charge be written and read to the jury is likewise statutory and that it may be waived; and we are of the opinion that petitioner, by pleading guilty, and by joining with the State in recommending sentence, did waive this statutory right.

Petitioner contends that he was not afforded effective counsel in the criminal proceeding against him, and determination of this issue is the basis for the evidentiary hearing. His remaining two assignments of error before this Court complain that the trial judge erred in allowing Mr. Walker Gwinn, Assistant Public Defender, to testify with respect to his standard procedure in advising defendants as to the effect of guilty pleas; and that the evidence adduced during the evidentiary hearing preponderates in his favor and against the ruling of the trial judge.

The following facts were shown at the evidentiary hearing.

Petitioner was thirty four years of age when he was apprehended inside a grocery store in Memphis. He was armed with a pistol and was in the process of carrying out an armed robbery. Prior to this offense he had been convicted, on guilty pleas, to two "strong armed robberies" in Oklahoma, and had been sentenced to ten years there. The Public Defender was appointed to represent him on charges of robbery by the use of a deadly weapon and carrying a weapon. He conferred with Mr. Hugh Stanton, Sr., and with Mr. Walker Gwinn, of the Public Defender's Office, he executed a "waiver of trial and request for acceptance of plea of guilty" which, among other provisions, contains:

"My attorney has further advised that punishment which the law provides for the crime with which I am charged in the indictment is as follows: Armed Robbery which provides for death by electric chair with provision that jury can reduce to life in prison or some length of time not less than 10 years, Carrying a Pistol which provides for a $50.00 fine with right of jury to give up to 11 months & 29 days and if accepted by the Court and Jury my sentence on a plea of guilty to armed robbery will be: 15 years, for carrying a pistol a $50.00 fine."

This waiver and request was signed by Bennie Lee Cable and was made a part of the evidentiary hearing.

At this evidentiary hearing petitioner testified that after he was placed in jail on the criminal charge he falsely confessed to·another robbery in an effort to help another inmate of the jail and so that the other man could get out and assist petitioner make bail. Later he retracted this confession. He also testified that he had escaped from the State prison at Brushy Mountain while serving the sentence in this case. These statements were allowed in the record by the trial judge to go to the credibility of the petitioner's testimony in his own behalf. Exception was taken to their admission at the time but the judge's ruling is not assigned as error. We feel that his ruling was proper.

The complaint now lodged by petitioner against counsel who represented him at the criminal hearing when he entered a guilty plea is that he did not understand fully what sentence he was to receive. He says that it was his understanding that he was to be sentenced to an indeter-

minate term of five years to fifteen years. He testified that he did execute the waiver and request but that he did not read it carefully; and he said that Judge W. Preston Battle, before whom he submitted, did question him in the courtroom. He is frank in stating that he was guilty and that he desired to enter the guilty plea.

Petitioner further testified that after he was sentenced he told Mr. Walker Gwinn that his sentence was to have been five to fifteen years, instead of fifteen years, and that he would like to appeal. He says that Mr. Gwinn told him that he could not appeal his plea of guilty.

Mr. Gwinn testified that he had no independent recollection of the petitioner nor of his case and the proceedings in it. He did testify, over the objection of counsel for petitioner, that he did not recall anyone ever asking him to appeal a plea of guilty on the day the plea was entered. He said that if such a request was made upon him that he would immediately request the court to allow the guilty plea to be withdrawn. He also testified, in response to the question as to whether or not he explained to petitioner the sentence he was to serve at the time the waiver was executed, that this was standard procedure and he had always done it. He testified that he could not remember this particular case, but that he followed the same procedure every time.

■ ■ We do not believe that it was error for the trial judge to allow this testimony. Where the circumstances of a case suggest that the habit is of sufficient regularity that it is probable that the habitual activity would be carried out in almost every instance, the probative value of habit evidence is sufficient to render it ad-

missible to prove a particular act. Leiper v. Erwin, 13 Tenn. 97.

■ It is recognized that habit or custom is admissible to show conduct on a particular occasion. We find in 22A C.J.S. Criminal Law § 604, the following:

> "Evidence of habit or custom is admissible to show conduct on a particular occasion. Evidence of a custom, usage, or standard practice is generally admissible for the purpose of showing conduct on a particular occasion. Although business custom and procedure are frequently admissible to show the happening of a particular event, the facts constituting circumstantial evidence must be of a reliable nature."

We do not think that it was error for the trial judge to allow the introduction of this testimony by Mr. Gwinn to support an inference with respect to what he actually did in connection with his handling of the criminal case for this petitioner.

The third assignment of error asserts that the court erred in dismissing the petition because the evidence preponderated against the ruling of the court and in favor of the petitioner. We do not agree with his assertion.

Petitioner stated that he did sign the waiver, which not only shows that he would receive punishment of fifteen years, but it further shows that the minimum sentence for the crime was ten years. And it is relevant, we feel, to consider the fact that he states that he knew that the trial judge imposed a "flat fifteen year sentence" upon him and that he did not raise any objection before the trial judge; and also, that petitioner waited from 1964 until 1968 to voice his complaint by petition for habeas

corpus. This is all quite inconsistent with his assertion.

The trial judge saw and heard the witnesses on this issue. Under such a situation the finding of the trial judge is upon facts and unless this Court is able to find that the evidence preponderates against his finding we must affirm him. We must pay great deference to the trial judge's decision as to the credibility of witnesses whom he saw and heard testify. State ex rel. Gann v. Henderson, 221 Tenn. 209, 425 S.W.2d 616.

■■ The evidence simply does not support the contention of the petitioner that he entered his guilty plea based upon the belief that he was to receive a sentence of five to fifteen years in the penitentiary. Nor does it show that he was not represented by effective counsel at that hearing. Certainly he has not borne the burden which is his of showing that the evidence preponderates against the finding of the trial judge.

The complaint that he was denied his right of appeal is actually a part of the complaint that his sentence was to have been five to fifteen years. The only reason he has ever advanced for his desire to appeal was that he wanted to correct the sentence. As we have said, we do do not believe that the evidence supports his contention that he was dissatisfied with the sentence and asked his attorney to appeal. We agree with the finding of the trial judge, and we overrule the assignments of error and affirm the order of the trial judge in dismissing the petition.

We express our appreciation for the excellent service rendered to this petitioner by counsel appointed in this case.

MITCHELL and RUSSELL, JJ., concur.