Dewey Scott **FRAZIER**, Petitioner,

v.

**STATE** of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Jan. 21, 1972.

Certiorari Denied by Supreme Court
May 1, 1972.

Carl W. Eilers, Kingsport, for petitioner.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Blountville, for respondent.

## OPINION

DWYER, Judge.

From the trial court's dismissal of a petition for a writ of habeas corpus, considered under the Post Conviction Procedure Act, but without an evidentiary hearing, this appeal has been seasonably perfected by court-appointed counsel.

The petitioner is incarcerated as a result of a conviction for safe-cracking and for being an habitual criminal. See Frazier v. State, Tenn.Cr.App., 466 S.W.2d 535.

Petitioner's assignments of error will be treated as one, and are summarized thusly. The trial court did not pass judgment and sentence on his conviction of safe-cracking prior to the evidence being submitted to the jury on the habitual criminal statute and did not "specifically inquire of the jury as to whether they find the defendant guilty both of the felony charged and also as an habitual criminal . . ." T.C.A. 40–2805. He reasons that his conviction is constitutionally unsound because the trial procedure employed was not precisely in accordance with the enumerated statute. In this petition, and appeal from its dismissal, he argues that the trial procedure employed in not following the statute precisely, was a violation of the due process clause of the Fourteenth Amendment, whereas in the appeal of his trial judgment he had only argued that this action was reversible error because it violated the statute.

■■ As we view petitioner's assignment it answers on its face the question presented. The most he presents is a statutory violation rather than a constitutional violation. The Post Conviction Procedure Act adopted by this State was solely for the purpose of allowing presentation of error of constitutional dimension, which if true would make the convicting proceedings void. See T.C.A. 40–3805. This alleged statutory procedural violation does not rise to a constitutional denial of due process because petitioner has not alleged facts that show why or how he was deprived of fundamental fairness and substantial justice by the procedure. Under the procedure employed, the trial judge did not need to inquire at the end of the proceedings on the habitual criminal count, of the jury whether they found defendant guilty of the safe-cracking count, because they had returned a verdict on that count before the trial proceeded to the habitual criminal count. Thus, as found by this court on the original appeal, there was substantial compliance with the statute. In fact, the procedure employed was fundamentally more fair to defendant than if both counts had been tried together, and then the judge had inquired, according to the statute, as to whether the jury had found him guilty of both counts. Under this procedure, the jury was not made aware of the previous felony convictions until after they had returned a verdict of guilty on the safe-cracking count. Under these circumstances, even a finding that the statute had been violated, which finding was not and should not have been made, would still fail to show prejudice to this defendant, or any denial of due process and substantial justice.

■■ Petitioner alleges a broad conclusory allegation that he was denied "due process" by the trial court's failure to follow the statutory procedure. Due process means substantial justice and fundamental fairness. Such conclusory allegations, unsupported by facts and reasoning that lead to the conclusion and show the injustice and unfairness, do not provide sufficient basis for an evidentiary hearing. Jones v. State, Tenn.Cr.App., 452 S.W.2d 361 and Burt v. State, Tenn.Cr.App., 454 S.W.2d 182. In reviewing Frazier v. State, *supra,* and this petition, we find no injustice or unfairness in the determination of petitioner's conviction. Furthermore, since this court has previously held that there was substantial compliance by the trial court with the statutory procedure, there could be no finding here of a violation of due

process based on non-compliance. The dismissal of the trial court is affirmed.

Court-appointed counsel is extended our appreciation for services rendered an indigent accused.

WALKER, P. J., and OLIVER, J., concur.