**James Richard HANKINS,
Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

June 5, 1974.

Certiorari Denied by Supreme Court
July 29, 1974.

Hugh W. Stanton, Jr., Asst. Public Defender, Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

OPINION

OLIVER, Judge.

The petitioner Hankins' third degree burglary conviction, for which he was sentenced to not less than three nor more than five years in the penitentiary, was affirmed by this Court on October 16, 1973 and the Supreme Court of Tennessee denied certiorari on December 3, 1973. At the time of that conviction in the Criminal Court of Shelby County, Hankins was serving a sentence in a federal reformatory in Oklahoma and was returned thereto following his Shelby County trial.

While Hankins' direct appeal of his burglary conviction to this Court was pending, he filed in the Criminal Court of Shelby County a petition under the Post-Conviction Procedure Act stating that the judgment of that court pronouncing sentence in the burglary case ordered it to run consecutive to his existing federal sentence, and asking the court to modify the burglary sentence by ordering it to run concurrently with the federal sentence. Upon motion of the District Attorney General, the court dismissed the petition. Represented in that proceeding and here by the public defender, the petitioner has duly perfected an appeal to this Court.

The order of the trial court returning the petitioner to the Oklahoma Federal Reformatory recited that on January 17, 1973, following his December 6, 1972 burglary conviction, he entered a guilty plea to an indictment charging him with uttering a forged paper and was sentenced to three years in the penitentiary and that this sentence was ordered to run concurrent with the burglary sentence; and that upon completion of his federal reformatory sentence he was to be returned to this State and to the custody of the warden of the State Penitentiary at Nashville. As his counsel candidly concedes, the Minutes of the Shelby County Criminal Court show that the trial judge made no order whatever with respect to whether the burglary sentence pronounced by that court should run consecutively or concurrently with Hankins' existing federal sentence.

 To begin with, the law of this State is that a habeas corpus or post-conviction petition may not be maintained while a direct appeal attacking the original conviction and sentence is pending in the appellate court. Hunter v. State, 1 Tenn. Cr.App. 392, 443 S.W.2d 532; Crain v. State, 2 Tenn.Cr.App. 67, 451 S.W.2d 695; Jones v. State, 2 Tenn.Cr.App. 284, 453 S. W.2d 433.

But equally important and conclusive in this case, in his petition Hankins does not in any way assail the validity of his burglary conviction or sentence. It is only when the conviction or sentence is alleged to be void or voidable because of abridgement of a constitutional right that relief may be sought under the Post-Conviction Procedure Act. TCA § 40–3805; Sloan v. State, Tenn.Cr.App., 477 S.W.2d 219; Frazier v. State, Tenn.Cr.App., 480 S.W.2d 551; Cable v. Russell, 2 Tenn.Cr. App. 363, 454 S.W.2d 163. Thus, where, as here, a petition filed under the Post-Conviction Procedure Act which makes no claim that the petitioner's conviction or sentence is constitutionally void or voidable states no basis for relief under that Act.

Let the judgment of the trial court be affirmed.

GALBREATH and MITCHELL, JJ., concur.