# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### CHARLES HALL  v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6000   Joe H. Walker, III, Judge**

---

**No. W2005-02266-CCA-R3-HC  - Filed January 26, 2006**

---

The Petitioner, Charles Hall, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ. joined.

Charles Hall, pro se.

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

Petitioner Charles Hall was convicted by a jury of two counts of aggravated robbery. For these offenses, the Petitioner was sentenced, as a repeat violent offender, to two sentences of life without the possibility of parole. The records of this indicate that the trial court's order was entered on May 20, 2005. A notice of appeal document was filed on June 6, 2005, and the matter has yet to be submitted to a panel of this Court for disposition on direct appeal.

1

On September 2, 2005, the Petitioner filed an application for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for habeas corpus relief, the Petitioner claimed that indictments rendered against him charging him with the offenses of aggravated robbery were void. Specifically, the Petitioner alleged that the indictments against him "failed to charge or invoke the jurisdiction of the [c]ourt, because the indictment[s] did not charge that the Petitioner intentionally deprived the victim of the alleged proper goods and chattels, with the intent to convert the same to his own." By order entered September 14, 2005, and without waiting for the response of the State, the lower court denied habeas corpus relief, finding that the indictments against the Petitioner were sufficient to vest jurisdiction in the court. On September 22, 2005, the Petitioner filed a notice of appeal document. The Petitioner is currently confined at the West Tennessee State Prison in Henning, Tennessee.

The State has filed a motion with this Court requesting summary affirmance of the lower court's dismissal pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. In support of its position, the State asserts that the Petitioner failed to satisfy the procedural requirements of seeking habeas corpus relief in that the application fails to state that the legality of the restraint had not already been adjudged upon a prior proceeding of the same character. Without reaching the merits of the State's argument, we affirm the lower court's dismissal of habeas corpus relief.

The Petitioner's claim for habeas corpus relief fails. First, a direct appeal of the Petitioner's convictions and sentences are currently pending. This Court has previously held that a petition for habeas corpus relief may not be maintained while a direct appeal is pending. *See E.L. Reid v. Gov. Don Sundquist, Comm. Donald Campbell and Warden Fred Raney*, No. 02C01-9610-CC-00327, 1998 WL 28031, *1 (Tenn. Crim. App., at Jackson, Jan. 26, 1998), *perm. to appeal denied*, (Tenn. Oct. 19, 1998) (citing *Hankins v. State*, 512 S.W.2d 591, 592 (Tenn. Crim. App. 1974)). Moreover, even had the direct appeal already been resolved, the Petitioner is not entitled to habeas corpus relief based upon the merits of his petition. A valid indictment is essential to vest jurisdiction in the convicting court, and therefore an indictment that is so defective that it fails to vest jurisdiction may be challenged in a habeas corpus proceeding. *State v. Wyatt*, 24 S.W.3d 319, 320-23 (Tenn. 2000). In the instant case, the counts of the indictment of which the Petitioner complains are attached to the habeas corpus petition and are included in the record on appeal. The counts of the indictment set forth the Petitioner's name, the date of the offense, the *mens rea* and *actus reus* of aggravated robbery. Moreover, both counts of aggravated robbery included in the indictment clearly reference the aggravated robbery statute, Tennessee Code Annotated section 39-13-402. Under these circumstances, it is clear that each count of the indictment is sufficient to vest jurisdiction in the convicting court. *See, e.g.*, *Antonio M. Batts v. State*, No. M2004-00470-CCA-R3-HC, 2004 WL 2387504, *1 (Tenn. Crim. App., at Nashville, Oct. 26, 2004), *perm. to appeal denied*, (Tenn. Feb. 28, 2005); *William H. Stitts v. State*, No. M2004-00568-CCA-R3-HC, 2004 WL 2387503, *1 (Tenn. Crim. App., at Nashville, Oct. 25, 2004), *perm. to appeal denied*, (Tenn. Jan. 31, 2005). Accordingly, the Petitioner is not entitled to habeas corpus relief.

The Petitioner has failed to establish by a preponderance of the evidence that his convictions are void or his term of imprisonment has expired. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE