IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 9, 2014

**STATE OF TENNESSEE v. WILLIAM G. BARNETT, JR.**

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-67570     M. Keith Siskin, Judge**

**No. M2013-01176-CCA-R3-CD - Filed April 23, 2014**

The petitioner, William G. Barnett, Jr., pled guilty to four counts of aggravated statutory rape, Class D felonies, and one count of attempted solicitation of sexual exploitation of a minor, a Class A misdemeanor.  Based upon the imposition of consecutive sentencing, the petitioner was sentenced to serve three years in the Department of Correction, followed by three years of probation.  At the guilty plea hearing, the State noted that the petitioner asked to be allowed to reserve a certified question of law to appeal.  The State read the petitioner's question on the record, and the handwritten and signed statement was included in the record. It stated, "I would like to reserve my right to appeal the decision on the motion to dismiss." The petitioner filed notice of direct appeal.  Thereafter, the petitioner filed a petition for the writ of habeas corpus, which the trial court summarily dismissed based upon the pending direct appeal.  The petitioner appealed that dismissal.  This court has now consolidated those two issues into a single case.  Thus, the issues presently before us are: (1) whether the defendant's direct appeal of his certified question is properly before this court; and (2) whether the trial court properly dismissed the petition for the writ of habeas corpus.  Upon review, we conclude that the certified question is not properly before this court and dismiss that portion of the appeal.  However, with regard to habeas corpus relief, the petitioner has established what may be an illegal sentence.  Remand to the trial court is necessary for further factual findings and actions taken in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, J., and JOE H. WALKER, III, SJ., joined.

Gerald L. Melton, District Public Defender, for the appellant, William G. Barnett, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Senior Counsel;

William Whitesell, District Attorney General; and Laural A. Hemenway, Assistant District Attorney Generals, for the appellee, State of Tennessee.

## OPINION

### Procedural History

The following factual basis underlying the petitioner's crimes, as recited at the guilty plea hearing, is as follows:

The facts of this case are in October of 2011, [the petitioner] had made arrangements with a 14 year-old girl that he met at Nashville Shores, she was with her parents. And the parents saw him with their daughter. Went up to him and told him not to be around their daughter because she was 14, she was under age, and instructed him to stay away.

In spite of that, at some point he had gotten her telephone number and had texted her back and forth. And she had texted him.

This child had been diagnosed with Asperger's syndrome. And we would incorporate the testimony today of the doctor on what Asperger's is. Somehow that may have affected her decisions. Essentially, that is a deficiency, a mental disease or defect that she did suffer from. And the doctor testified he was not certain - he could not say with specificity that she could not have known anything based on that, but that she did suffer from that diagnosis.

This is the child that he made contact with. This child left her home the morning of October - a morning in October of 2011, and went to school on the bus as usual. He had arranged to meet her and pick her up as she got off the bus prior to going in the school.

Neither the school nor her parents knew where she was that day, or even that she was missing. I assume the school thought that she was absent, and the parents thought she was school.

During the day that he was with her, he brought her to several places.

One being a wooded area in Rutherford County. And while there, he had sex with her on multiple occasions, knowing that she was 14 years old. He was at the time, I believe, 36 years of age or somewhere in that vicinity. Well over 10 years older than her.

He also gave her alcohol and had previously sent pictures of himself, his private area to the child over the cell phone via text message.

. . . and all of this occurred in Rutherford County prior to today. And they actually had - he penetrated her sexually on five different occasions during that day in different places, in different areas, in different ways. And then brought her back so she could go home as if she were getting off of the school bus so that her parents were not aware of what happened.

And those would be the facts if the State went to trial. Now, I have not specified where the different acts occurred, but that there were five penetrations on the day that he took her from the school. And they occurred mostly in his truck in a wooded area in Rutherford County.

In February 2012, the petitioner was indicted for five counts of rape, solicitation of especially aggravated sexual exploitation of a minor, five counts of aggravated statutory rape, solicitation of sexual exploitation of a minor, and two counts of contributing to the delinquency of a minor. Thereafter, in October 2012, the petitioner filed a motion to dismiss the indictments upon grounds that he was denied his right to a speedy trial. Following a hearing on the merits of the motion, the trial court denied the motion.

In April 2013, the petitioner pled guilty, pursuant to a negotiated plea agreement to four counts of aggravated statutory rape and one count of attempted solicitation of sexual exploitation of a minor. All the remaining charges were dismissed. At the plea hearing, the prosecutor noted on the record that the petitioner intended to reserve a certified question of law for appellate review. The following comments were made:

Now, the only additional thing to this - and I believe on the new judgment forms there is a place to write it - actually there is on here, too. And I will check this box that says pled guilty, certified question, findings incorporated by reference.

He is actually seeking to reserve the question on the issues - and I will read exactly what he had written out here. So, he has asked to reserve a certified question. And he had handwritten that. And that would be a part of

-3-

this plea.

And it reads, **I would like to reserve my right to appeal the decision on the motion to dismiss**. It has his initials and the date. I don't know if he wants to actually put his full signature on there.

And [trial counsel] will not be representing [the petitioner] on this issue. He understands that. He has had no guarantees from anyone that he has followed all the requirements or that the certified question will actually be taken up by any other court. He has just asked that that be mentioned, and that he have the right to do that. And this, again, is his handwritten question that he is reserving that right on . . . . (emphasis added).

A handwriten copy of the note, signed by the petitioner, is included in the record. Additionally, the judgments of conviction each do reflect that the box next to the "plead guilty-certified question findings incorporated by reference" is checked. No other reference or documentation regarding the certified question is included within the record. In response to questioning, the petitioner made clear that he sought to appeal the question based upon his own research, without input from his trial counsel.

Pursuant to the plea agreement, the trial court imposed two year sentences for each of the statutory rape convictions and eleven months and twenty-nine days for the attemped solicitation of sexual exploitation of a minor. The following was also ordered by the court:

| Count 7 | Aggravated statutory rape | 2 years at 30% | 12 months in TDOC followed by 12 months probation | |
| Count 8 | Aggravated statutory rape | 2 years at 30% | 12 months in TDOC followed by 12 months of probation | consecutive to Count 7 |
| Count 9 | Aggravated statutory rape | 2 years at 30% | 12 months in TDOC followed by 12 | consecutive to Counts 7 & 8 |

| | | | months of probation | |
|---|---|---|---|---|
| Count 10 | Aggravated statutory rape | 2 years at 30% | probation | consecutive to Counts 7 & 8- concurrent to Count 9 |
| Count 12 | Attempted solicitation of sexual exploitation of a minor | 11 months, 29 days | probation, supervision by the State | consecutive to Counts 7 - 10 |

Next, the petitioner filed a timely notice of appeal asserting his argument with regard to his certified question, *i.e.*, the denial of his motion to dismiss the indictment against him. After that, on June 11, 2013, he filed a petition for the writ of habeas corpus in the trial court. The trial court summarily dismissed the petition because of the pending direct appeal. The petitioner then filed notice of appeal with this court regarding the dismissal of the petition for writ of habeas corpus. In a subsequent order, this court consolidated the two issues into a single appeal, which is now properly before this court.

**Analysis**

As noted, in this appeal, two issues have been put before this court. The first involves the denial of the motion to dismiss the indictment which the petitioner attempted to reserve as a certified question. The question which first must answered is whether the appeal should be dismissed for failure to properly reserve the issue as a certified question of law. The second issue is whether the trial court properly dismissed the petition for the writ of habeas corpus.

**I. Certified Question of Law**

Appellate counsel for the petitioner acknowledges that many hurdles must be addressed in this case before reaching the raised issue of the motion to dismiss the indictment. Specifically, he acknowledges that we must first determine if the record complies with the requirements necessary to properly reserve a certified question of law and whether the question as presented is dispositive of the case. We agree.

Rule 37(b) of the Tennessee Rules of Criminal Procedure provides that a defendant may appeal from any judgment or conviction occurring as the result of a guilty plea. *State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). The following are prerequisites for an appellate court's consideration of the merits of a question of law certified pursuant to Rule 37(b)(2):

> (i) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law reserved by the defendant for appellate review;
> (ii) The question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
> (iii) The judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial judge; and
> (iv) The judgment or document reflects that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case . . . .

Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv).

In *State v. Preston*, our supreme court stated its intention to "make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2) . . . ." 759 S.W.2d 647, 650 (Tenn. 1988). First, the final order or judgment appealed from must contain a statement of the dispositive question of law reserved for review. *Id*. The question must clearly identify the scope and limits of the legal issue and must have been passed upon by the trial judge. *Id*. Second, the order must also state that: (1) the certified question was reserved as part of the plea agreement; (2) the State and the trial judge consented to the reservation; and (3) both the State and the trial judge agree that the question is dispositive of the case. *Id*. Third, the defendant bears the burden of reserving, articulating, and identifying the issue reserved. *Id*. at 650. Failure to properly reserve a certified question of law pursuant to the requirements stated in *Preston* will result in dismissal of the appeal. *State v. Pendergrass*, 937 S.W.2d 834, 838 (Tenn. 1996). The importance of complying with the *Preston* requirements has been reiterated by our supreme court in *State v. Armstrong*, 126 S.W.3d 908, 913 (Tenn. 2003), which stated that the *Preston* requirements are "explicit and unambiguous," in rejecting the defendant's argument in favor of substantial compliance with Tennessee Rules of Criminal Procedure 37. Instead, a defendant must comply with all of the requirements of Rule 37 to confer jurisdiction on an appellate court following the entry of a guilty plea. *Pendergrass*, 937 S.W.2d at 837.

Our supreme court has relaxed the *Preston* requirements slightly by allowing a certified question to be set out in an independent document, so long as the independent

document is incorporated by reference into the judgment. *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998). In addition, the court held that corrective orders are permissible where a certified question has been omitted from a judgment; however, such orders must be filed while the trial court retains jurisdiction. *Armstrong*, 126 S.W.3d at 912-13. Once a notice of appeal document is filed, the jurisdiction becomes vested in the appellate court, and the trial court may not amend its judgment. *Pendergrass*, 937 S.W.2d at 837.

As noted above, the petitioner, of his own violition, requested to have a question reserved for review, the statement, in its entirety, being "I would like to reserve my right to appeal the decision on the motion to dismiss." Initially, as a basic matter, that statement is not in fact even a question. It is merely a statement regarding something the petitioner wants. At the plea hearing, the State merely read this statement aloud advising the trial court that the defendant, who would proceed pro se, wished to reserve a certified question of law. Nothing in the record indicates that the procedural requirements of Rule 37 were complied with in this case. While the judgment does reflect that attached documents contain a certified question, it does not identify which document that is. The handwritten statement is included in the record and was filed. Nowhere is any reference made to the fact that the question was reserved with the consent of the State and the trial court or that any party is of the opinion that the question is dispositive of the case.

Moreover, we note that, the question, as written, is overly broad and thus not dispositive of the case. The petitioner's purported certified question does not clearly identify the "scope and limits of the legal issue." *See State v. Long*, 159 S.W.3d 885, 887 (Tenn. Crim. App. 2004). Our supreme court has cautioned us regarding certified question of law, stating that in "questions of law involv[ing] the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law. . . ." *Preston*, 759 S.W.2d at 650. Certified question are overly broad when they mention a violation of a defendant's right but do not clearly outline the question beyond the right allegedly violated. This court has held that a certified question of law which fails to narrowly construe the issues and identify the trial court's holding do not provide an adequate basis for our review. *State v. Casey Treat*, No. E2010-02330-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 848, *13 (Tenn. Crim. App. Nov. 18, 2011).

Here the petitioner's question neither states why he is entitled to, the legal basis for relief, or what relief he would be entitled to. The intended certified question fails to state with any particularity upon what ground the petitioner seeks appellate review and is wholly inadequate in limiting the scope of the ruling on the motion to dismiss the indictment.

Simply put, the petitioner has wholly failed to comply with the mandatory procedural

requirements in the case. Failure to properly reserve a certified question of law results in dismissal of the appeal. *Pendergrass*, 937 S.W,2d 834, 838 (Tenn. 1996). We lack jurisdiction to address the merits of the petitioner's claims. As such, the portion of the appeal regarding the certified question is dismissed.

## II. Petition for the Writ of Habeas Corpus

Shortly after he filed a pro se notice of appeal with this court regarding the certified question of law, the petitioner filed a pro se petition for the writ of habeas corpus with the trial court. In the petition, he alleged that the agreed upon sentence was illegal as it was in contravention of Tennessee Code Annotated section 40-35-306(a). The trial court thereafter summarily dismissed the petition without reaching the merits of the argument. This was the correct determination, as a habeas corpus petition may not be maintained while a direct appeal attacking the original conviction and sentence is pending in an appellate court. *See Hankins v. State*, 512 S.W.2d 591, 592 (Tenn. Crim. App. 1974). However, based upon our above analysis, that direct appeal is no longer pending before this court. Therefore, as the State concedes, the case should be remanded back for the trial court to promptly rule upon the merits of the petitioner's habeas corpus claims in accordance with the principles herein discussed.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." T.C.A. § 29-21-101. Further, the plain language of the habeas corpus statute permits petitioners to attack only those judgments which cause the petitioner to be "imprisoned or restrained of his liberty." *Id*. The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers*, 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id*. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes*, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment

-8-

of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165.

Again, the petitioner received two-year sentences for each conviction of aggravated statutory rape. Three of the four were ordered to be served consecutively to each other and collectively required service of three years in confinement followed by three years probation. Basically, the sentenced imposed was an effective six-year sentence to be suspended after service of three years. The petitioner argues that these sentences are illegal. He limits his challenge to the actual sentence rather than challenging the actual convictions.

Specifically, the petitioner contends that the sentences are illegal because he is required to serve three consecutive terms of twelve month terms prior to his release on probation. He argues that the trial court did not have the authority to extend the confinement portion of his split confinement sentence beyond one year. In support of his argument, he relies upon Tennessee Code Annotated sections 40-35-306(a) and 40-35-501(a)(3).

Tennessee Code Annotated section 40-35-501(a)(3) provides that:

Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date. The release shall not occur for sentences of two (2) years or less when the sentences are part of a consecutive sentence whose term is greater than two (2) years. The department of correction shall notify the district attorney general and the appropriate sheriff, jail administrator, workhouse superintendent or warden of the release eligibility date of all felony with sentences of two (2) years or less in the institution.

Because the petitioner's sentences were ordered to be served consecutively, he correctly

asserts that he will not be eligible for the determinative release pursuant to that statute had his sentences been viewed separately.

The petitioner further directs our attention to Tennessee Code Annotated section 40-35-306(a) which states that:

> A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense.

The petitioner is correct that interpretations of this statute seems to say that when sentences are ran consecutively, they are to be considered as one aggregate sentence, and only one term of a maximum of one-year may be imposed. He cites to the cases *State v. Matthew I. Tart*, No. E2009-01315-CCA-R3-CD), 2010 Tenn. Crim. App. LEXIS 328 (Tenn. Crim. App. Apr. 21, 2000) and *State v. Dwaylan DupreeHouse*, No. W2012-01272-R3-CD, 2013 Tenn. Crim. App. LEXIS 567 (Tenn. Crim. App. Jun. 21, 2013). The authority put forth by the petitioner leads us to accept the State's concession that he has indeed put forth a colorable claim for relief, which the petitioner should be allowed to present and argue.

Accordingly, we remand to the trial court for a hearing on the matter to determine, pursuant to the above cited authority, whether the petitioner is entitled to relief. In light of the fact that, if correct, the petitioner will be entitled to immediate release from incarceration, we request that all efforts be made to expedite the hearing.

Moreover, the State has identified Tennessee Code Annotated section 40-35-314(a) as relevant to the petitioner's claim. The statute states that:

> If confinement is directed, the court shall designate the place of confinement as a local jail or workhouse if required pursuant to § 40-35-104(b) or, if the sentence is eight (8) years or less and combined with periodic or split confinement not to exceed one (1) year, the court shall designate the place of confinement as a local jail or workhouse. If confinement in a local jail or workhouse is not mandated by § 40-35-104(b), § 40-35-306 or §40-35-307, all convicted felons sentenced after November 1, 1989, to continuous confinement for a period of one (1) year or more shall be sentenced to the department of correction. After November 1, 1989, if a court sentences or has sentenced a defendant to a local jail or workhouse when the court was not authorized to do so by this chapter, it shall be deemed that the sentence was a sentence to the department, and the commissioner of correction shall have the

authority to take the defendant into the custody of the department.

The sentences in this case were all ordered to be served in the Department of Correction. Review may be appropriate if evidence is put forth or arguments are made at the hearing with regard to any effect which may have resulted.

## CONCLUSION

Based upon the foregoing, the appeal of the certified question of law is dismissed, the dismissal of the petition for the writ of habeas corpus is reversed, and the case is remanded for a hearing on the matter to determine what relief is warranted.

_____

JOHN EVERETT WILLIAMS, JUDGE