IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

## MARDOCHE OLIVIER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. CC17-CR-62    William R. Goodman III, Judge**

_____

### No. M2017-01057-CCA-R3-HC
_____

Defendant, Mardoche Olivier, was indicted for driving on a cancelled, suspended, or revoked license and violating the vehicle registration law. While that charge was pending, Defendant filed pro se a petition for habeas corpus relief, which the trial court summarily denied. After a review of the record, we hold that the trial court correctly dismissed the motion for lack of jurisdiction. Because the present appeal is frivolous and because Defendant is abusing the appellate process, we tax the costs to Defendant and restrict further habeas corpus appeals unless Defendant attaches to his notice of appeal a copy of a final judgment for the challenged conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Mardoche Olivier, Clarksville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel; John W. Carney, District Attorney General; and Daniel Stephenson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 5, 2017, Defendant was indicted for driving on a cancelled, suspended, or revoked license and violating the vehicle registration law. Despite being represented by counsel, on April 24, 2017, Defendant filed a pro se "Motion for Habeas Corpus" alleging constitutional violations related to his arrest and bail hearing. The trial court summarily denied the petition for habeas corpus relief, and Defendant subsequently filed a pro se notice of appeal.

"The grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). In Tennessee, habeas corpus relief is only available when a conviction is void because the trial court was without jurisdiction or authority to sentence a defendant or when a defendant remains confined despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). It is well-settled that a defendant may not pursue habeas corpus relief while an original criminal case or direct appeal is pending involving the same matter of confinement. *See Hankins v. State*, 512 S.W.2d 591 (Tenn. Crim. App. 1974). Because Defendant's charges are still pending in the trial court, there is no final judgment of conviction restraining his liberty. *See Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004) ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."). Therefore, the trial court correctly dismissed Defendant's petition for habeas corpus relief.

This is the eighth pro se appeal from the denial of a writ of habeas corpus filed by Defendant while the original criminal case was pending in the trial court. Appeals docketed under case numbers M2016-02300-CCA-R3-CD, M2017-00158-CCA-R3-CD, M2017-00159-CCA-R3-CD, and M2017-00162-CCA-R3-CD were all summarily dismissed by order of this Court for lack of jurisdiction. The appeal in case number M2017-01058-CCA-R3-HC was summarily dismissed by this Court for an inadequate record—one that did not include a final judgment—and failure to respond to the State's motion to dismiss. In addition to this appeal, Defendant has two other appeals pending before this Court in case numbers M2017-01056-CCA-R3-HC and M2017-01059-CCA-R3-HC.

Rule 22(B) of the Rules of the Court of Criminal Appeals states that:

> A "frivolous" appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit that there is little, if any, prospect that it can ever succeed. To be frivolous, an appeal must be so clearly untenable or manifestly insufficient that its character may be determined by a bare inspection of the record, without argument or research.

Tenn. Ct. Crim. App. R. 22. We determine from a "bare inspection of the record" that the instant appeal is "devoid of merit" and "clearly untenable." The appeal is frivolous and Defendant is abusing the appellate system by repeatedly filing frivolous appeals. Therefore, costs are taxed to Defendant. Furthermore, the Appellate Court Clerk shall not accept for filing any of Defendant's habeas corpus appeals unless Defendant attaches to his pleading a copy of a final judgment of conviction. *See Jessie D. McDonald v. State*, No. M2005-00205-SC-R10-HC (Tenn. Feb. 3, 2005) (Order) (noting that the

appellant was abusing the system and directing the Appellate Court Clerk to refuse to accept any additional filings from the appellant related to that particular matter).

Additionally, on September 29, 2017, Defendant filed a pleading in this Court entitled both "Extraordinary Appeal of Judge Ross H. Hicks [sic] order on cases listed above/Recusal of Judge" and "Motion to Appoint Counsel and Recusal of Judge." Attached to the pleading is an order of the trial court denying motions filed by Defendant entitled "Return Counsel or Replace Counsel with Counsel of Choice"; said motions were struck and sealed by the trial court as "impertinent, offensive and contemptuous" and are not contained in the record before this Court. To the extent this Court were to treat Defendant's pleading as an application for extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10, the application is hereby denied. *See* Tenn. R. App. P. 10(a) ("An extraordinary appeal may be sought on application and in the discretion of the appellate court alone. . . ."). To the extent this Court were to treat Defendant's pleading as a motion to appoint appellate counsel, the motion is hereby denied as moot.

CONCLUSION

Based on the foregoing, we affirm the trial court's order dismissing Defendant's petition for habeas corpus relief.

_____
TIMOTHY L. EASTER, JUDGE

- 3 -