IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

**MARDOCHE OLIVIER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County
No. CC17-CR-208  William R. Goodman, III, Judge**

_____

**No. M2017-01056-CCA-R3-HC**

_____

Defendant, Mardoche Olivier, was indicted by the Montgomery County Grand Jury for the offense of driving a vehicle at a time when his license to drive had been canceled, suspended, or revoked.  This charge is currently pending in Montgomery County Circuit Court.  However, Defendant filed *pro se* a petition for habeas corpus relief in the trial court as to the pending charge.  The trial court summarily dismissed the petition the following day, and Defendant has appealed.  We conclude that the trial court lacked jurisdiction to consider Defendant's habeas corpus petition, and accordingly the trial court properly summarily dismissed the petition.  We also conclude that because Defendant has filed numerous similar habeas corpus petitions in cases where there is no final judgment to attack and he has repeatedly appealed the dismissals, that this is a frivolous appeal and Defendant is abusing the appellate process.  Accordingly, we affirm the trial court's summary dismissal of the habeas corpus petition, and order that the Clerk of this Court shall not file any further notices of appeal from Defendant in habeas corpus matters unless Defendant attaches to the notice of appeal a copy of the final judgment challenged in his habeas corpus petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Mardoche Olivier, Clarksville, Tennessee, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel; John Wesley Carney, Jr., District Attorney General; and Daniel Stephenson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

As stated above, Defendant's criminal charge in this case, designated as case number CC17-CR-208 in the Montgomery County Circuit Court, is still pending. It is well established that a criminal defendant may not pursue habeas corpus relief while an original criminal case or direct appeal is pending involving the same matter of confinement. *See Hankins v. State*, 512 S.W.2d 591 (Tenn. Crim. App. 1974).

Rule 22(B) of the Rules of the Court of Criminal Appeals states that:

> A "frivolous" appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit that there is little, if any, prospect that it can ever succeed. To be frivolous, an appeal must be so clearly untenable or manifestly insufficient that its character may be determined by a bare inspection of the record, without argument or research.

Tenn. Ct. Crim. App. R. 22. We determine from a "bare inspection of the record" that the instant appeal is "devoid of merit" and "clearly untenable." The appeal is frivolous and Defendant is abusing the appellate system by repeatedly filing frivolous appeals. Therefore, costs are taxed to Defendant. Furthermore, the Appellate Court Clerk (Clerk) shall not accept for filing any of Defendant's habeas corpus appeals unless Defendant attaches to his pleading a copy of a final judgment of conviction. *See Jessie D. McDonald v. State*, No. M2005-00205-SC-R10-HC (Tenn. Feb. 3, 2005) (Order) (noting that the appellant was abusing the system and directing the Clerk to refuse to accept any additional filings from the appellant related to that particular matter).

Accordingly, the trial court's order dismissing the petition for habeas corpus relief is affirmed. Costs are taxed to Defendant. The Appellate Court Clerk shall not accept for filing any notice of appeal from an order denying habeas corpus relief which is submitted by Defendant unless Defendant attaches a copy of the final judgment of conviction which is challenged by Defendant's habeas corpus petition.

_____
THOMAS T. WOODALL, PRESIDING JUDGE