IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

**MARDOCHE OLIVIER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2017-CR-479   William R. Goodman III, Judge**

_____

**No. M2017-01059-CCA-R3-HC**

_____

The Defendant, Mardoche Olivier, was indicted by the Montgomery County Grand Jury for the offense of driving a vehicle at a time when his license to drive had been canceled, suspended, or revoked. While this charge was pending in Montgomery County Circuit Court, the Defendant filed pro se a petition for habeas corpus relief as to the pending charge. The trial court summarily dismissed the petition and the Defendant has appealed. We conclude that the trial court lacked jurisdiction to consider the Defendant's habeas corpus petition, and accordingly the trial court properly summarily dismissed the petition. Because the instant appeal is frivolous and because the Defendant is abusing the appellate process, we order that the Clerk of this Court shall not file any further notices of appeal from the Defendant in habeas corpus matters unless the Defendant attaches to the notice of appeal a copy of the final judgment challenged. We tax the costs to the Defendant.

**Tenn. R. App. P. 3 Appeal as of Right, Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and TIMOTHY L. EASTER, J., joined.

Mardoche Olivier, Clarksville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel; John W. Carney, District Attorney General; and Daniel Stephenson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant filed a pro se petition for writ of habeas corpus alleging improper restraint of liberty while his charge was still pending in the trial court. The trial court summarily denied the petition, and the Defendant filed a pro se notice of appeal. "The

grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). A habeas corpus petition is used to challenge a void judgment. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). "In Tennessee, habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence has expired and he is being illegally restrained." *Eric D. Jones v. David Mills, Warden*, No. W2004-00855-CCA-R3-HC, 2004 WL 1656483, at *1 (Tenn. Crim. App. July 23, 2004). There is no judgment of conviction restraining the Defendant in this case and the Defendant has not been sentenced on the pending charge. A criminal defendant may not pursue habeas corpus relief while an original criminal case or direct appeal is pending involving the same matter of confinement. *See Hankins v. State*, 512 S.W.2d 591 (Tenn. Crim. App. 1974).

This is at a minimum the seventh pro se appeal from the denial of a writ of habeas corpus filed by the Defendant while the criminal case was pending in the Circuit Court for Montgomery County. Appeals docketed under case numbers M2016-02300-CCA-R3-CD, M2017-00158-CCA-R3-CD, M2017-00159-CCA-R3-CD, and M2017-00162-CCA-R3-CD were all summarily dismissed by order of this court for lack of jurisdiction. In addition to this appeal, the Defendant had two other appeals on the January 17, 2018 docket in which the charges were still pending in case numbers M2017-01056-CCA-R3-HC and M2017-01057-CCA-R3-HC.

Rule 22(B) of the Rules of the Court of Criminal Appeals states that:

A "frivolous" appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit that there is little, if any, prospect that it can ever succeed. To be frivolous, an appeal must be so clearly untenable or manifestly insufficient that its character may be determined by a bare inspection of the record, without argument or research.

Tenn. Ct. Crim. App. R. 22. We determine from a "bare inspection of the record" that the instant appeal is "devoid of merit" and "clearly untenable." The appeal is frivolous and the Defendant is abusing the appellate system by repeatedly filing frivolous appeals. Therefore, costs are taxed to the Defendant. Furthermore, the Appellate Court Clerk (Clerk) shall not accept for filing any of the Defendant's habeas corpus appeals unless the Defendant attaches to his pleading a copy of a final judgment of conviction. *See Jessie D. McDonald v. State*, No. M2005-00205-SC-R10-HC (Tenn. Feb. 3, 2005) (Order) (noting that the appellant was abusing the system and directing the Clerk to refuse to accept any additional filings from the appellant related to that particular matter).

CONCLUSION

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE